*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2008**

Roger E. Pederson,
Appellant,

vs.

Elizabeth J. Anderson,
Respondent,

Chisago Lake Township, et al., Defendants.

**Filed September 8, 2015
Affirmed
Rodenberg, Judge**

Chisago County District Court
File No. 13-CV-12-813

Daniel M. Gallatin, Gallatin Law, PLLC, Hugo, Minnesota (for appellant)

Lonny D. Thomas, Mark A. Severson, Kurt W. Porter, Thomas & Severson, P.A., Crosslake, Minnesota (for respondent Elizabeth J. Anderson)

        Considered and decided by Rodenberg, Presiding Judge; Cleary, Chief Judge; and

Klaphake, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellant challenges the district court's dismissal of his adverse possession claims. Because the record supports the district court's factual findings and we see no error in the district court's application of the law, we affirm.

**FACTS**

In 1977, appellant Roger Pederson purchased 20 acres "more or less" from respondent Elizabeth Anderson and her husband DeWayne Anderson (now deceased), paying $16,000 for the land. In 1979, appellant acquired from the Andersons an additional strip of land amounting to three rods, or 49.5 feet, along the boundary of appellant's land with that of the Andersons.[1] In 2011, appellant hired a surveyor and learned that the 1977 deed had conveyed only 18.1 acres.

No monuments identifying the boundary were ever installed and appellant agrees that he did not know precisely where the property line was located. Sometime after appellant purchased this additional strip of land, he began to store personal property on the land that he believed he owned. Appellant's father planted apple trees on the disputed land. Appellant planted some chokecherry trees and mowed the area. Appellant also claims to have hunted on the disputed land without seeking permission from respondent, believing it to be his property. When a power pole was installed to provide electricity to

---

[1] Although the record is unclear, the disputed land lies east of a line running from the northern border of appellant's undisputed property to its southern border, and is in the vicinity of the strip of land acquired in 1979.

appellant's home, appellant directed the power company to install the power pole on the disputed land.

Respondent testified that she knows where the true property line is located. She planted pine trees along that line. She testified that she was aware of appellant's storage of personal property on her land and of appellant's other uses of her land. Respondent testified that she explicitly granted appellant permission to store his things on her land sometime in the late 1980s. Respondent's son, Carl Anderson, testified that, when he was 12 years old, he granted appellant permission to hunt on respondent's land.

In 2011, a cartway was constructed on the disputed land. In the course of disputing the cartway, appellant discovered the discrepancy between the parties' understandings of the property line. He sued, claiming ownership of the disputed land by adverse possession, among other claims.

The case was tried to the district court. The district court found in favor of respondent. This appeal followed.

## D E C I S I O N

"Whether the adverse possession elements have been established is a question of fact." *Ganje v. Schuler*, 659 N.W.2d 261, 266 (Minn. App. 2003). A district court's findings of fact will not be set aside unless clearly erroneous. *Ebenhoh v. Hodgman*, 642 N.W.2d 104, 108 (Minn. App. 2002). Findings are clearly erroneous if the record evidence "furnishes no substantial support" for the findings or when the findings are contrary to the evidence taken as a whole. *Id.* (quotation omitted). We defer to the district court's credibility determinations. *Ganje*, 659 N.W.2d at 269 (stating that

3

whether or not a party adversely possesses land is a "fact-intensive . . . determination" and we generally defer to the district court's determination of the "credibility of witnesses and the weight, if any, to be given to their testimony"). "[W]hether the findings of fact support a district court's conclusions of law and judgment is a question of law, which we review de novo." *Ebenhoh*, 642 N.W.2d at 108.; *see also Ganje*, 659 N.W.2d at 266. "On appellate review, . . . we look to the record for evidence that could reasonably support the findings of the district court." *Rogers v. Moore*, 603 N.W.2d 650, 658 (Minn. 1999).

Adverse possession requires proof of "actual, open, hostile, continuous, and exclusive possession" lasting for 15 years. *Ganje*, 659 N.W.2d at 266; *see also* Minn. Stat. § 541.02 (2014) (providing the 15-year statutory time period). The elements necessary to prove adverse possession must be proved by clear and convincing evidence. *Rogers*, 603 N.W.2d at 657.

The district court concluded that appellant had failed to prove his adverse possession claim because he failed to prove three of the five required elements by clear and convincing evidence. The district court concluded that appellant did not prove that his possession was hostile, exclusive, or actual.[2]

---

[2] Appellant also asserts that the district court found that appellant did not continuously possess the disputed land for the required 15-year period. The district court's findings, conclusions, and order for judgment do not address this element. We therefore do not discuss it here.

4

## I.  Hostile

An adverse possessor must possess the disputed land "with an intention to claim the property adverse to the true owner." *Ganje*, 469 N.W.2d at 268. The hostility element of adverse possession "contemplates the disseizor entering and taking possession of the land as if it were the disseizor's." *Id.*; *see also Ehle v. Prosser*, 293 Minn. 183, 190, 197 N.W.2d 458, 462 (1972) (stating that hostile possession is the "intention of the disseizor to claim exclusive ownership as against the world and to treat the property in dispute in a manner generally associated with the ownership of similar type property in the particular area involved"). A use is not hostile if it is permissive. *See Id.* at 191, 197 N.W.2d at 463 (stating that a claimant cannot succeed on an adverse possession claim if the use was permissive); *Norgong v. Whitehead*, 225 Minn. 379, 383, 31 N.W.2d 267, 269 (1948) (stating that permissive use is contrary to hostile use).

While the possessor need not expressly convey hostile intentions to the record landowner in order for the use to be considered hostile, proof that the possession was hostile at its inception "must in all cases be clear and unequivocal." *Ebenhoh*, 642 N.W.2d at 109 (quotation omitted). "[I]f the user was permissive in its inception, it must become adverse to the knowledge of the owner . . . before any . . . rights can arise." *Ehle*, 293 Minn. at 191, 197 N.W.2d at 463. "[W]hen such original use was thus permissive it would be presumed to continue as permissive, rather than hostile, until the contrary was affirmatively shown." *Norgong*, 225 Minn. at 383, 31 N.W.2d at 269.

The district court found that appellant's use was "permissive in its inception." The district court found as a fact that respondent first gave appellant permission to place the

5

power pole on her land and that respondent later gave appellant permission to use her land to store his miscellaneous property. The district court acknowledged appellant's contrary testimony and resolved the credibility dispute in respondent's favor.

Appellant claims that the district court erred for two reasons. First, he claims that "[e]ven if it is believed Respondent granted permission in 1977 for placement of a power pole [on her property], that permission was solely as to that pole [and did not] extend to the entire disputed area." But this argument rests on acceptance of appellant's factual assertions over respondent's evidence. Our role as an error-correcting court does not include fact finding, and we must reject this invitation to find facts. *In re Welfare of M.D.O.*, 462 N.W.2d 370, 374-75 (Minn. 1990). We defer to the district court's findings of fact where the record supports those findings. *Ebenhoh*, 642 N.W.2d at 108. The record supports the district court's factual findings.

Appellant also argues that respondent's testimony concerning her permitting appellant to place his miscellaneous property on her land is "[d]evoid of credibility" and that "it is apparent the testimony is fabricated for the purpose of trial." Here again, we give great deference to the district court's credibility determinations. *See Ganje*, 659 N.W.2d at 269. There is nothing in this record that would require us to vary from that deference. The district court accepted one factual version over another, and it is not for us to revisit the district court's credibility determination on appeal. *See M.D.O.*, 462 N.W.2d at 375. The record supports the district court's findings and its conclusion concerning appellant's failure to prove his possession of the disputed area to have been hostile.

6

## II.    Exclusive

"The exclusivity requirement of adverse possession is satisfied if the disseizor possesses the land as if it were his own with the intention of using it to the exclusion of others." *Ganje*, 659 N.W.2d at 267 (quotation omitted); *see also Ehle*, 493 Minn. at 190, 197 N.W.2d at 462-63.  The district court concluded that appellant's use of the disputed land was not exclusive because respondent planted 200 pine trees there, and respondent's son frequently used the disputed land.  Appellant argues that "[a]ppellant's use . . . is more than adequate for [a]ppellant to carry his burden of proof."  Appellant further asserts that "[r]espondent did not adduce any evidence at trial to disprove [a]ppellant's use of the disputed property was not exclusive."

The question before us is not whether the record might have supported different findings.  The issue on appeal is whether the record evidence supports the district court's findings.  And the record supports the findings that respondent planted trees on the disputed property and that respondent's son frequently used the disputed land for recreational activities.  It was not respondent's burden to prove that appellant's use was *not* exclusive; it was appellant's burden to prove that his use *was* exclusive.  *See Denman v. Gans*, 607 N.W.2d 788, 794 (Minn. App. 2000) ("The party seeking to establish adverse possession must do so by clear and convincing evidence."), *review denied* (Minn. June 27, 2000).  On vigorously disputed evidence, the district court found the absence of clear and convincing proof of appellant's exclusive possession of the disputed land.  The record supports that determination, and we therefore affirm it.

As appellant has not demonstrated reversible error by the district court concerning two necessary elements of his adverse possession claim, we affirm.[3]

**Affirmed.**

---

[3] We do not reach the question of whether appellant actually occupied the entire disputed area, as doing so is not necessary to resolution of the appeal.